UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOMINICA R. ZELLER, et al.,                               MEMORANDUM
       Plaintiffs,                    AND ORDER
    - against -
PDC CORPORATION, et al.,                                  13-CV-5035 (ARR) (JO)
       Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

The plaintiffs seek leave to file a second amended complaint adding RES Services, Inc. ("RES") as a named defendant. *See* Docket Entry ("DE") 80. Defendants PDC Corporation ("PDC"), Parameds.com, Inc. ("Parameds"), and Eli Rowe ("Rowe") oppose the motion on the grounds of undue delay and futility. DE 82. For the reasons set forth below, I now grant the motion.

I. Background

For purposes of analysis, I assume the factual allegations in the plaintiffs' pleadings to be true, and I describe those assertions only to the extent relevant to the instant motion. Corporate defendants PDC and Parameds are in the business of compiling and summarizing attending physician statements ("AP Statements"), which insurance companies use to assess applications for coverage and claims by their policy holders. Individual defendant Rowe is the chief executive officer of both companies. The defendants employed the plaintiffs as "Medical Records Retrievers" to obtain AP Statements as requested by insurance company clients. The plaintiffs assert that the defendants violated federal and state wage laws by paying them for their work on a fee rather than by compensating them at the applicable minimum hourly and overtime wages. *See* DE 24 (Amended Complaint) ¶¶ 1-2, 25.

The plaintiffs initially filed a Complaint on September 9, 2013. DE 1. They amended the Complaint as a matter of right on December 16, 2013. DE 24. On March 19, 2014, I entered a case management and scheduling order; at the parties' joint suggestion, that order included a deadline of May 23, 2014, for the amendment of pleadings or addition of parties. *See* DE 31 at 1 (jointly proposed

schedule); DE 39 (order) at 1. Consistent with that order, on May 23, 2014, the plaintiffs timely filed a letter requesting a pre-motion conference on their anticipated motion to file a Second Amended Complaint that would add RES as a named defendant. As the plaintiffs explained in their letter, RES is based at the same New York address as defendants PDC and Parameds, and, like the latter companies, employs defendant Rowe as its chief executive officer. DE 51 at 1. The defendants objected, and I therefore set a briefing schedule on the instant motion. *See* DE 54 (minute entry); Order dated June 17, 2014. The parties filed the fully briefed motion on August 29, 2014. *See* DE 80 (notice of motion); DE 81 (memorandum in support) ("Memo."); DE 81-1 (proposed Second Amended Complaint); DE 83 (reply memorandum) ("Reply").

II. <u>Discussion</u>

Applicable law provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). A court will generally grant such leave unless there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; unless allowing amendment would cause undue prejudice to the opposing party; or unless the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). No such basis to deny leave to amend exists here.

    A. <u>Undue Delay</u>

The plaintiffs timely commenced the process of seeking leave to amend within the period prescribed in the parties' jointly proposed schedule. That timing suggests that the plaintiffs did not unduly delay their proposed amendment. *See Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) ("'Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.'" (quoting *State Teachers Ret. Bd. V. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also Munguia v. Bhuiyan*, 2012 WL 526541, at *2 (E.D.N.Y. Feb. 16, 2012) (finding

that the plaintiff acted in a timely fashion when he submitted a proposed amended complaint within the time frame agreed upon by the parties); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1142916, at *2 (S.D.N.Y. Mar. 22, 2011) (granting leave to amend, *inter alia*, because "motion was timely filed pursuant to [court's] scheduling order").

In opposing the motion, the defendants assert that the plaintiffs had in their possession, even before filing the original Complaint, documents showing that RES issued the checks and tax forms they received for their work, and that those documents prominently displayed RES's name. Opp. at 1. Accepting the assertion as true, it does not demonstrate the kind of undue delay or bad faith that would counsel against granting leave to amend, particularly in the absence of any indication that the plaintiffs delayed seeking the amendment to secure some kind of tactical advantage. *See Youngbloods v. BMG Music*, 2011 WL 43510, at *9 (S.D.N.Y. Jan. 6, 2011) (quoting *Oneida Indian Nation of N.Y. State v. Cnty. of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000)). Moreover, the defendants have not suggested that they will suffer any prejudice – let alone undue prejudice – as a result of the proposed amendment. That too counsels against denying leave to amend. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (finding that an untimely amendment did not cause undue prejudice by expending resources, preventing another action from proceeding or otherwise delaying the resolution of the dispute) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

B.     <u>Futility</u>

The defendants contend that the proposed amendment would be futile because it fails to satisfy the relation-back requirements of Rule 15(c)(1). Specifically, they argue that there is no reason RES should have known that the plaintiffs' failure to name it in either of their first two complaints was anything but intentional because the plaintiffs had documentation showing that they were paid by RES and there was no effort to shield RES's identity from the plaintiffs or their counsel. Opp. at 1; *see* Fed.

3

R. Civ. P. 15(c)(1)(C). The defendants' reliance on the cited provision is entirely misplaced, and ignores the fact that the plaintiffs seek to assert claims "that arose out of the conduct, transaction, or occurrence set out … in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). The inquiry the defendants propose is pertinent only where "the [proposed] amendment changes the party or the naming of the party against whom a claim is asserted[.]" Fed. R. Civ. P. 15(c)(1)(C); *see In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) ("As a matter of plain language, this provision [subsection(C)] would appear to include only 'wrong party' cases, and not 'additional party' cases."). Because the relation-back provision of Rule 15(c)(1) explicitly requires satisfaction of only one of the three subsections, the possibility that the plaintiffs cannot satisfy subsection (C) does not preclude relation back, and therefore does not render the proposed amendment futile.[1]

III.   Conclusion

For the reasons set forth above, I grant the plaintiffs' motion to file their proposed Second Amended Complaint.

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2015

                                                                            /s/
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge

---

[1] In any event, the record amply demonstrates that RES, which shares a physical location with PDC and Parameds and employs Rowe as its CEO, knew or should have known that the action would have been brought against it but for the plaintiffs' failure to appreciate its role in the alleged violations. Thus, I would grant leave to amend even if I concluded that subsection (C) applied.