## NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT AND FAIRNESS HEARING

### United States District Court for the Eastern District of New York

If you were engaged as a Medical Records Retriever for PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. between September 9, 2010 to September 9, 2013 anywhere in the U.S., or from June 1, 2009 to June 1, 2015 in the State of New York, from September 7, 2007 to September 9, 2013 in the State of Maine or from September 9, 2009 to September 9, 2013 in the State of California, from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin, you may be entitled to a payment from a Class Action lawsuit settlement.

*This is a Court-authorized notice. This is not a solicitation from a lawyer.*

This notice pertains to any individual who was engaged by PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever from June 1, 2009 to June 1, 2015 in the State of New York, September 7, 2007 to September 9, 2013 in the State of Maine, from September 9, 2009 to September 9, 2013 in the State of California, or from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin.

Plaintiffs say that the Defendants failed to pay medical records retrievers as employees the proper minimum wage and overtime pay, as well as other compensation, as required by law. The Defendants deny any wrongdoing, and state that the medical records retrievers were engaged by Defendants pursuant to independent contractor agreements, and that all monies were paid appropriately at all times on a 1099 basis.

To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement. Accordingly, the individuals who filed the suit and defendants PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe have settled. PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. have agreed to deposit $275,000 into a fund that will be used to pay Medical Records Retrievers who worked in the above states at the above times, or opted into this lawsuit, as well as to pay attorneys' fees, service awards, and litigation costs.

Under the allocation formula created by the settlement, you are entitled to receive approximately $_____, which you will be responsible for paying taxes on as if you earned this amount from PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. This amount is based on the number of weeks you provided services to PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever during the relevant liability period for claims under the Fair Labor Standards Act ("FLSA"), New York State Labor Law ("NYLL"), California Labor Law ("CLL"), the Ohio Minimum Fair Wage Standards Act, ("OMFWSA"), the Maine Minimum Wages Statute ("MMWS"), the Illinois Minimum Wage Law, ("IMWL"), the Connecticut Minimum Wage Act ("CMWA"), Wisconsin Minimum Wage Law ("WIMWL"),

depending on the State in which you worked.

PDC Corporation, Parameds.com, Inc. and RES Servicing Corp. do not make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Your legal rights may be affected.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT OF NYLL, CLL, OMFWSA, MMWS, IMWL, and CMWA CLAIMS: | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive approximately the payment amount identified above. |
| **EXCLUDE YOURSELF** | Get no payment. If you provided services for PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever between June 1, 2009 to June 1, 2015 in the State of New York, or from September 9, 2007 to September 9, 2013 in the State of Maine, or from September 9, 2009 to September 9, 2013 in the State of California, or from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin, this is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against PDC Corporation, Parameds.com, Inc.  RES Servicing Corp., or Eli Rowe for unpaid wages. *If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund.* |
| **OBJECT** | Write to the Court about why you object to the settlement. If you exclude yourself from the settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement and if you do not exclude yourself from the settlement. |

| RIGHTS AND OPTIONS IN THIS SETTLEMENT OF FLSA CLAIMS: | |
|---|---|
| | |
| **ENDORSE AND DEPOSIT THE CHECK** | By endorsing and depositing the check, you will be agreeing to participate in the settlement and you will receive the payment amount identified on the check. |
| **NOT DEPOSIT THE CHECK** | If you do not wish to participate in, or be bound by, the settlement, you should not deposit the check. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

### 1. Why did I get this notice?

You are getting this notice because the Defendants' records show that you were engaged by PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever at some point since September 9, 2007.  The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are heard, payments will be mailed to all individuals who provided services as Medical Records Retrievers during the dates mentioned above and class members who do not exclude themselves.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available. The Court overseeing this case is the United States District Court for the Eastern District of New York. This lawsuit is known as *Zeller et al. v. PDC Corporation, et al*., No. 13 Civ. 5053.

The people who filed the lawsuit are called the "Named Plaintiffs" and "Class Representatives." PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe are called the "Defendants."

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants properly paid Medical Records Retrievers in accordance with the federal and state labor laws.  Plaintiffs contend that Defendants violated federal law by failing to pay medical records retrievers the proper minimum wage and premium overtime pay –

at a rate of 1.5 times their regular hourly rate – for hours worked in excess of 40 hours per week. Defendants maintain that the medical records retrievers were engaged by Defendants as independent contractors, and that all monies were paid appropriately at all times on a 1099 basis.

**1. What is a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members." The individuals who brought the lawsuit are called the Plaintiffs. One court resolves the issues for everyone in the Class — except for those who choose to exclude themselves from the Class.

**2. What is a collective action?**

In a "Collective Action," one or more people called "Named Plaintiffs" sue on behalf of people who have similar claims. However, other individuals who have similar claims do not become part of the Collective Action until they "opt in" to the Collective Action. You are a member of the Collective Action because you opted into the Collective Action by August 30, 2014.

**3. Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed in this case, but there was no decision ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays and uncertainties associated with a trial, and the people affected will get compensation. The Named Plaintiffs and Class Representatives and the attorneys think the settlement is the best result for all potential Collective Action and Class Members.

## WHO IS IN THE SETTLEMENT

**4. How do I know if I will be included in the Class Settlement?**

You are automatically a member of the Class if you provided services to PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Record Retriever between June 1, 2009 to June 1, 2015 in the State of New York, or from September 9, 2007 to September 9, 2013 in the State of Maine, or from September 9, 2009 to September 9, 2013 in the State of California, or from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin.

**5. How do I know if I will be included in the Collective Settlement?**

If you received this notice, you will be included in the Collective Settlement if the Court grants approval of the settlement because you provided services to PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. during the period September 9, 2010 to September 9, 2013, and you previously submitted a consent form affirmatively opting into the Collective Action.

**6.** | **I'm still not sure if I will be included.**

If you are still not sure whether you are included, you can ask for free help.  You can contact Strauss Law PLLC:

**STRAUSS LAW PLLC**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 212-822-1496
Email: Jesse@strausslawpllc.com

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**7.** | **What does the settlement provide?**

PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe have agreed to deposit $275,000 into a fund to be divided among Medical Records Retrievers who are covered by the settlement. The settlement fund shall cover payments to Plaintiffs' Counsel for attorneys' fees and costs, a n d  payments to Plaintiffs for their service to the Class. The remaining amount, after attorneys' fees and costs, service payments, and administrative fees have been deducted, shall be divided among Class Members based on the number of weeks they worked for PDC Corporation, Parameds.com, Inc. or RES Servicing Corp.  during  the relevant liability period.

**8.** | **How much will my payment be?**

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive approximately $_____. The allocation formula takes into account the number of weeks you worked during the relevant liability period. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 25, below.

HOW YOU GET A PAYMENT

**9.** | **How can I get my payment?**

You do not need to do anything to receive the payment identified in Paragraph 8. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted.  If you do not cash the settlement check within 45 days of the date the check is mailed to you, you will not receive a settlement. If you choose to exclude yourself, then you will not receive a payment.

**10.** | **When will I get my payment?**

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Paragraph 22. If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving

them can take time, perhaps more than a year.  Please be patient.

**11.** | **What am I giving up to get a payment?**

Once you cash your settlement check, you cannot sue, continue to sue, or be a party in any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

**12.** | **What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself (as explained in Paragraph 15 below), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as opting out of the Settlement Class.

**13.** | **How do I opt out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail that includes the words, "I opt out of the PDC Corporation, Parameds.com, Inc. and RES wage and hour settlement." You must include your name, job title, address, telephone number, and signature. Your exclusion request must be postmarked no later than _____ and must be mailed to:

**Dahl Administration LLC, 6465 Wayzata Blvd Suite 420, Minneapolis, MN 55426**

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case.  If you wish to exclude yourself in order to file an individual lawsuit against Defendants you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations, which means that they will expire on a certain date. If you exclude yourself from the lawsuit, you may not object to it.

**14.** | **If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is _____.

**15.** | **If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same

claims.

## THE LAWYERS REPRESENTING YOU

**16.** | **Do I have a lawyer in this case?**

The Court has decided that the lawyers at the law firm of Strauss Law PLLC isqualified to represent you and all Collective and Class Action Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Collective and Class Action Member. If you do not choose to join the Collective Action and/or opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

**17.** | **How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one-third **[confirm]** of the settlement fund for attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe have agreed not to oppose these fees.

Class Counsel will also ask the Court to approve payments of in recognition of the risks they took and their service to the Class. This amount includes payments $2,000 to Sheri Brooking-Van Lone, $2,000 to Amy Cross, $15,000 to Dominica Zeller, $10,000 to Amy Stowe, $6,000 to Jane Pietkivitch, $5,000 to Sheila Murphy, $10,000 to Tammy Meunier, $10,000 to Shari Merrill, and $6,000 to Elena Carroll for their service as Named Plaintiffs and Class Representatives.

OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18.** | **How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words "I object to the settlement in the PDC Corporation and Parameds.com wage and hour litigation." as well as all reasons for the objection. Be sure to include your name, job title, address, telephone number, and your signature. Mail the objection to:

**Dahl Administration LLC, 6465 Wayzata Blvd Suite 420, Minneapolis, MN 55426**

Your letter must be postmarked no later than_____.

**19.** | **What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. If you exclude yourself from the settlement, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend, but you don't have to and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to Paragraph 13 above, who will provide your letter to the Court before the fairness hearing.

**20.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on_____at_____, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, in Courtroom _____.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**21.  Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.  May I speak at the hearing?**

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 20, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

GETTING MORE INFORMATION

**23.  Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.

You can get a copy of the Settlement Agreement by sending a request, in writing, to:

**Dahl Administration LLC, 6465 Wayzata Blvd Suite 420, Minneapolis, MN 55426**

**24. | How do I get more information?**

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

STRAUSS LAW PLLC
305 Broadway, 7th Floor
New York, NY 10007
Phone: 212-822-1496
Email: Jesse@strausslawpllc.com

DATED:          [Insert Date of Mailing], 2015