UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINICA R. ZELLER, ELANA P. CARROLL, SHARI MERRILL, , TAMMY MEUNIER, SHEILA F. MURPHY, SHERI BROOKING-VAN LONE, AMY CROSS, AMY STOWE, JANE PIETKIVITCH, and RUBY OWENS, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> -against-<br><br>PDC CORPORATION, d/b/a PDC OF NEW YORK, PARAMEDS.COM, INC., d/b/a PDC RETRIEVALS, and ELI ROWE,<br><br>      Defendants. | Civ. No.: 1:13-cv-05035 (ARR) (JO) |

**[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

AND NOW, this _____ day of _____, 2015, upon consideration of the Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval, the Court hereby grants the Motion and ORDERS as follows:

Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Payments to the Class Representatives came before this Court on _____, 2015. The proposed settlement in this case was preliminarily approved by this Court on _____. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final Fairness Hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at

1

the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court hereby grants final approval of the Class and Collective Action Settlement based upon the terms set forth in the Joint Stipulation of Settlement and Release ("Settlement") filed by the parties. The Settlement is fair, adequate, and reasonable to the Class and Collective Action Members.

1. The Court finds that this action satisfies all of the requirements of Rule 23(a) and (b)(3) for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representatives and Class Counsel.

2. The Notice approved by the Court was provided by First Class direct mail to the last-known mailing address and/or email address of Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice provided adequately described all of the relevant and necessary parts of the proposed Settlement, the request for Service Awards to certain of the Named Plaintiffs, and Class Counsel's request for an award of attorneys' fees and costs. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable under the circumstances, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

3. The Court confirms Dahl Administration LLC, 6465 Wayzata Blvd Suite 420, Minneapolis, MN 55426, as the Settlement Claims Administrator.

4. The Court has concluded that the Settlement, as set forth in the Joint Stipulation of Settlement and Release executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. The

Settlement is procedurally fair, and was reached through arms-length negotiations between experienced counsel.  The Settlement is also substantively fair, and meets all of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the Gross Settlement Amount established pursuant to the Joint Stipulation of Settlement and Release.

5. The Settlement is HEREBY APPROVED in its entirety.

6. The Qualified Settlement Fund shall be disbursed in accordance with the terms of the Joint Stipulation of Settlement and Release.

7. The Court finds reasonable the requested Service Awards in the amount of $2,000 to Sheri Brooking-Van Lone, $2,000 to Amy Cross, $15,000 to Dominica Zeller, $10,000 to Amy Stowe, $6,000 to Jane Pietkivitch, $5,000 to Shelia Murphy, $10,000 to Tammy Meunier, $10,000 to Shari Merrill, and $6,000 to Elena Carroll. These amounts shall be paid from the Qualified Settlement Fund.

8. The Court has appointed Strauss Law PLLC as Class Counsel.  Class Counsel are experienced class action employment lawyers with good reputations among the employment law bar.  Class Counsel's application for attorneys' fees and costs in the amount of $_____ is hereby granted. The attorneys' fees and costs shall be paid from the Qualified Settlement Fund.

9. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Stipulation of Settlement, including over disbursement of the Settlement Amount and the enforcement of its releases and confidentiality requirements.

10. As provided in the Joint Stipulation of Settlement and Release, all Rule 23 Class Members who did not opt out of the Settlement have released all Released Claims against the Releasees as defined in the Settlement.

11. \_\_\_\_ [Insert number] Rule 23 Class Members timely opted out of the Settlement.

12. \_\_\_\_ [Insert number] Rule 23 Class Members timely objected to the Settlement.

13. As provided in the Joint Stipulation of Settlement and Release, all FLSA Collective Members who properly returned their forms to opt into this action or who are Named Plaintiffs have released all Released Claims against the Releasees as defined in the Settlement.

14. The FLSA Class Members, and all Rule 23 Class Members who did not opt out of the Settlement, are hereby permanently barred and enjoined from filing, commencing, prosecuting, or pursuing the claims released by the Joint Stipulation of Settlement and Release in any forum, including arbitration, whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

15. The Court approves the parties' agreement that any unclaimed or forfeited amounts of the Qualified Settlement Amount shall be distributed to the *cy pres* designee, which shall be _____.

16. The "Effective Date" of the settlement shall be the date of final affirmance on an appeal of this Order; (ii) the date of final dismissal with prejudice of the last pending appeal from this Order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from this Order. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

17. Within 14 days after the Effective Date, Defendants shall deposit into the Qualified Settlement Fund the amount of Two-Hundred Seventy Five Thousand Dollars

($275,000), which shall be sufficient to cover any and all claims for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Class Members, and any Court-approved Service Awards.

18. No more than 30 days after the Effective Date, the Claims Administrator shall distribute the funds in the settlement account by making the following payments in the order below:

    a. Paying Class Counsel's attorneys' fees and costs of $_____;

    b. Paying Service Awards to in the amount of $2,000 to Sheri Brooking-Van Lone, $2,000 to Amy Cross, $15,000 to Dominica Zeller, $10,000 to Amy Stowe, $6,000 to Jane Pietkivitch, $5,000 to Shelia Murphy, $10,000 to Tammy Meunier, $10,000 to Shari Merrill, and $6,000 to Elena Carroll; and,

    c. Paying the remainder of the fund to Class Members in accordance with the allocation plan described in the Joint Stipulation of Settlement and Release.

19. This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification, or opposition to decertification, of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, except that it may be used to enforce the

releases. Neither the fact of, nor any provision contained in the Joint Stipulation of Settlement and Release or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

20. The Court hereby enters Judgment approving the terms of the Joint Stipulation of Settlement and Release. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

BY THE COURT,

_____
U.S.D.J.