UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOMINICA R. ZELLER, et al.,                         REPORT AND
                    Plaintiffs,                     RECOMMENDATION
        - against -
PDC CORPORATION, et al.,                            13-CV-5035 (ARR) (JO)
                    Defendants.
----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

The parties to this action under federal and state wage laws seek preliminary approval of their settlement agreement. Specifically, the parties agree that the court should grant the plaintiffs leave to file a third amended complaint; certify a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") for purposes of settlement; appoint class counsel; grant preliminary approval of the proposed settlement; certify settlement classes; and approve a proposed notice and plan for disseminating it to putative class members. *See* Docket Entry ("DE") 102 (notice of motion); DE 102-1 through -5 (supporting affidavit of Jesse Strauss ("Strauss Aff.") with exhibits); DE 102-6 (supporting memorandum) ("Memo."); DE 102-7 (proposed order); DE 103 (Settlement Agreement); DE 104 (letter). For the reasons summarized below, I respectfully recommend that the court grant all of the requested relief.

I.      Background

On September 9, 2013, Dominica R. Zeller and nine other named plaintiffs filed a putative collective and class action complaint accusing defendants PDC Corporation and Parameds.com, Inc., together with Eli Rowe (the Chief Executive Officer of each company) of failing to pay them and other employees the wages to which they were entitled under the FLSA and the pertinent wage laws of seven states: California, Connecticut, Illinois, Maine, New York, Ohio, and Wisconsin. DE 1. They alleged that the defendants, by misclassifying them and similarly situated Medical Record Retrievers as independent contractors rather than employees, had violated their rights under those laws to

minimum and overtime wages, spread of hours compensation, and notice of their rights. *See generally* Complaint; Memo.

The plaintiffs filed an amended complaint on December 16, 2013, and the defendants answered it on January 2, 2014. DE 24; DE 30. After I granted conditional certification of the collective action on June 12, 2014, DE 54, the parties circulated a notice to the defendants' similarly situated employees, 110 of whom ultimately opted to join in the lawsuit as plaintiffs. On March 17, 2015, I granted the plaintiffs leave to further amend the complaint so as to add RES Servicing Corp. as a named defendant. DE 101. Following extensive settlement negotiations, the parties reached an agreement to settle the case on a class-wide basis for a total settlement amount of $275,000 (which includes service awards to the named plaintiffs, attorneys' fees, and litigation costs, but which excludes the class administrative expenses that the defendants would bear). Settlement Agreement; Memo. at 1. To effectuate that agreement, the parties now seek leave for the plaintiffs to file an amended complaint, certification of the collective action under federal law for settlement purposes, preliminary approval of the settlement classes, preliminary approval of the settlement, appointment of class counsel, and dissemination of notice and settlement.

II.  Discussion

    A.  Leave to File a Third Amended Complaint

The plaintiffs' original complaint included claims under the New York Labor Law ("NYLL"). Complaint (citing NYLL Art. 6, § 190 *et seq.*, Art. 19, § 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12 § 142 *et seq*). However, the plaintiffs withdrew those claims at the defendants' request because none of them was in fact a New York resident. *See* DE 23; DE 24. Since then, New York resident Janice Bartoldus has retained the plaintiffs' counsel to bring NYLL claims against the defendants on behalf of herself and eight similarly situated Medical Record Retrievers in New York. Memo. at 11. The parties

2

therefore agree that the plaintiffs should be permitted to file a third amended complaint that renews the previously filed claims under the NYLL. *Id.* at 1. I respectfully recommend that the court grant such leave on consent.

B. Class Counsel

The parties agree that the court should appoint plaintiffs' counsel of record, Strauss Law PLLC ("Strauss"), as class counsel. Memo. at 11; *see* Fed R. Civ. P. 23(g). The record amply demonstrates that Strauss has extensive experience in wage and labor cases. *See*, *e.g.*, Strauss Aff. ¶¶ 21-25. No other counsel seeks such appointment. I therefore respectfully recommend that the court grant the request to appoint Strauss as class counsel.

C. Provisional Approval of FLSA Settlement

> The FLSA places strict limits on an employee's ability to waive claims for fear that employers will coerce employees into settlement and waiver. Accordingly, stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor to take effect. The court must scrutinize the settlement for fairness. The court considers whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.

*Tillman v. Luray's Travel*, 2015 WL 7313867, at *1 (E.D.N.Y. Nov. 20, 2015) (internal quotation marks, brackets, and citations omitted); *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The record makes clear that the proposed settlement is the result of extensive, arms-length negotiations after the parties engaged in significant discovery, and that it reasonably resolves a bona fide dispute. I therefore respectfully recommend that the court provisionally approve the settlement of the plaintiffs' FLSA collective claims.

D. Preliminary Approval of Class Action Settlement

I likewise respectfully recommend that the court grant preliminary approval of the proposed settlement of the parties' state law class action claims. To do so, the court need only find, after

3

considering the proposed settlement's procedural and substantive fairness, that there is probable cause to submit it to the class members and to hold a fairness hearing. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85-86 (2d Cir. 2001); *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). Nine factors guide that determination:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted), *abrogated on other grounds*, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *see also Karic v. Major Auto. Companies, Inc.*, 2015 WL 9433847, at *7-8 (E.D.N.Y. Dec. 22, 2015). The court need not conclude that the proposed settlement is fair at the preliminary approval stage, only that it "appears to fall within the range of possible approval[.]" *Torres v. Gristede's Operating Corp.*, 2010 WL 2572937, at *2 (S.D.N.Y. June 1, 2010).

As discussed above, the record demonstrates that the proposed settlement resulted from the parties' extensive arms-length negotiations after significant discovery proceedings. I therefore conclude that it is procedurally fair and not the result of collusion.

As for its substance, the terms to which the parties have agreed appear to fall within the range of possible approval. The proposed settlement creates a common fund of $275,000 to compensate class members for their claims and the plaintiffs' counsel for their fees and costs, and to provide service awards to nine of the named plaintiffs; the defendants will bear the costs of administering the fund separately. Memo. at 14-18. The plaintiffs' counsel anticipate seeking $91,657.50 in fees (or one third of the total settlement amount), plus $15,000 in expenses; the proposed service awards range

4

from $2,000 to $15,000 for a total of $64,000. *Id.* The parties proposed that the remaining funds – approximately $104,342.50, if the court grants the anticipated fee application – will be allocated to class members proportionally to the number of eligible weeks that they worked for the defendants. *Id.* at 15. Although that amount is only a fraction of the $1.5 million in damages (including liquidated damages, excluding fees and costs) that the plaintiffs' counsel believe to be their best possible outcome after a trial, I nevertheless conclude that the *Grinnell* factors favor preliminary approval. Litigation would be complex, costly and long because of the many collective members in 24 states, extensive document production and the possibility of a fact-intensive trial. The named plaintiffs have expressed their approval, discovery has come to a place where counsel can appreciate the merits of the case, there are real risks to further litigation with many contested issues as to liability and damages, and maintaining a class through trial would be neither simple nor easy.

    E.    <u>Conditional Class Certification</u>

As discussed below, I conclude that the plaintiffs have satisfied all of the requirements for the court to conditionally certify the proposed settlement classes, and therefore respectfully recommend that the court grant such relief. In doing so, I note that the court need not consider, in the context of a proposed settlement, the manageability of the proceedings should the case or cases proceed to trial, and I therefore do not address that issue. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

The closest question concerning class certification in this case relates to the numerosity requirement. *See* Fed. R. Civ. P. 23(a)(1). The plaintiffs propose that the court conditionally certify separate classes for each of the seven states in which the 77 anticipated members of the putative class reside: New York (22 members); Illinois (21); Ohio (17); California (13) Maine (2); Wisconsin (1) and Connecticut (1). Memo. at 23. In each case, the proposed class is defined as all Medical Record

5

Retrievers whom the defendants employed between the pertinent starting date for each state (generally tied to the state's applicable statute of limitations) and the date of final judgment in this matter.

The numerosity requirement is satisfied "if the class is sufficiently numerous that joinder is 'impracticable.'" *Chambery v. Tuxedo Junction Inc.*, 10 F. Supp. 3d 415, 420 (W.D.N.Y. 2014) (quoting *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)). While numerosity is presumed when a putative class has 40 members, *see Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), "courts have not hesitated to certify subclasses with fewer than 40 members where joinder would be impracticable due to geographic dispersion or other factors." *Chambery*, 10 F. Supp. 3d at 420 (citing *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8 (D.D.C. 2010)). A court considering a proposed class of fewer than 40 members can also consider "[f]actors such as judicial economy and the ability of claimants to institute individual suits…." *Id.* (citing *Robidoux*, 987 F.2d at 936); *see also Odom v. Hazen Transport, Inc.*, 275 F.R.D. 400, 407 (W.D.N.Y. 2011) (certifying class of 16 truckers in FLSA action where, in light of the small recoveries that many of them could reasonably expect, it was unlikely that they would choose to bear the costs of individual lawsuits). Such considerations favor certification here: absent such joinder of the putative class members' essentially identical misclassification claims, 77 potential plaintiffs from seven states across the country would be left to litigate claims with little monetary value individually or abandon them. It is only through class-wide settlement that any of the putative class members, let alone all of them, can reasonably be expected to obtain a meaningful opportunity to litigate their claims and secure reasonable relief.

The plaintiffs easily satisfy the remaining elements for the certification of a settlement class. The question of whether the defendants misclassified Medical Record Retrievers as independent contractors rather than employees entitled to the protection of the wage laws of the several pertinent jurisdictions is common to all of the named plaintiffs' and putative class members' claims. *See* Fed. R.

6

Civ. P. 23(a)(2); *see, e.g., Karic*, 2015 WL 9433847, at *5 (citing, *inter alia, Savino v. Comput. Credit, Inc.*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997) ("a single issue common to all members" at the core of the asserted claims suffices to establish commonality), *aff'd*, 164 F.3d 81 (2d Cir. 1998)). The plaintiffs' misclassification claims are typical of those of the putative class members. *See* Fed. R. Civ. P. 23(a)(3); *see, e.g., Robidoux*, 987 F.2d at 936 (the typicality requirement is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability"). The named plaintiffs plainly appear to be adequate class representatives: they have vigorously pursued the interests of the putative class in discovery and settlement negotiations with the assistance of qualified, experienced, and able counsel; and nothing in the record suggests that any named plaintiff has interests at odds with the putative class. *See* Fed. R. Civ. P. 23(a)(4); *see, e.g., Karic*, 2015 WL 9433847, at *6 (citing, *inter alia, In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992)). Finally, the record makes clear, and no party contests for purposes of settlement, that the common question of misclassification predominates over issues subject only to individualized proof and that, as a result of the putative class members' financial resources and considerations of judicial economy, class-wide resolution is superior to individual lawsuits for achieving the fair and efficient resolution of the parties' disputes. *See* Fed. R. Civ. P. 23(b)(3). I therefore respectfully recommend that the court grant the motion for conditional class certification.

F. <u>Approval of Notice Plan and Distribution Process</u>

Finally, the proposed notice plan and distribution process, *see* Strauss Aff. Ex. B, meet the requirements of due process and of the applicable procedural rule. *See* Fed. R. Civ. P. 23(c)(2)(B). The proposed notice adequately informs putative class members of the nature of the action; the definition of the putative class; the claims, issues, and defenses in the case; the ability of each putative class

7

member to appear through counsel; the method for opting out of the class; the binding effect of a class judgment; the terms of the proposed settlement, including the provision for attorneys' fees and costs; and the date, time, and place of the final approval hearing. The proposed distribution plan reasonably assures notification of each putative class member and a meaningful opportunity to object to or opt out of the settlement. I therefore respectfully recommend that the court approve the proposed notice and distribution plan.

III.   Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the motion in all respects.

IV.   Objections

Any objections to this Report and Recommendation must be filed no later than February 15, 2016. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:  Brooklyn, New York
January 28, 2016

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge