## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This JOINT STIPULATION OF SETTLEMENT AND RELEASE (the "Agreement") is entered into by and Dominica R. Zeller, Elena P. Carroll, Shari Merrill, Tammy Meunier, Sheila F. Murphy, Sheri Brooking-Van Lone, Amy Cross, Amy Stowe, Jane Pietkivitch, Janice Bartoldus and Ruby Owens, individually and on behalf of the class of individuals they seek to represent ("Plaintiffs"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand, in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation").

WHEREAS, Dominica R. Zeller, Elena P. Carroll, Shari Merrill, Tammy Meunier, Sheila F. Murphy, Sheri Brooking-Van Lone, Amy Cross, Amy Stowe, Jane Pietkivitch and Ruby Owens filed a Class and Collective Action Complaint in the Litigation on September 9, 2013 (together with all amendments thereto, the "Complaint"); and,

WHEREAS, the Complaint purports to assert collective and class action claims against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the New York State Labor Law ("NYLL"), the California Labor Law ("CLL"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), the Maine Minimum Wages Statute ("MMWS"), the Illinois Minimum Wage Law ("IMWL"), the Connecticut Minimum Wage Act ("CMWA") and the Wisconsin Minimum Wage Law ("WIMWL"), based on, inter alia, their (i) alleged failure to pay a minimum wage; (ii) alleged failure to pay overtime pay and spread of hours pay, and, (iii) alleged failure to provide wage statements and notices; and,

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as hereinafter defined) between Plaintiffs and Defendants, including all claims asserted in the Litigation; and,

WHEREAS, Defendants deny all of the allegations made by Plaintiffs in the Litigation and deny that they are liable for or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and,

WHEREAS, having analyzed and evaluated the merits of the claims made against Defendants in the Litigation, conducted interviews with putative class and collective members, obtained and reviewed documents relating to Defendants' compensation policies, and analyzed the Case Database (as hereinafter defined), and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Class Counsel (as hereinafter defined) are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiffs.

1

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below:

"Agreement" means this Joint Stipulation of Settlement and Release.

"Acceptance Period" means the 45 days that a Class Member has to sign and cash a Settlement Check.

"Charity" means the designee that the Court shall determine after each party submits their proposed *cy pres* designee.

"Class Counsel" or "Plaintiffs' Counsel" means Strauss Law PLLC and the Pianko Law Group, PLLC.

"Class Members" are the FLSA Collective Action Members, and all Rule 23 Class Members.

"Court" means the United States District Court for the Eastern District of New York.

"Days" means calendar days.

"Defendants" means PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe.

"Defendants' Counsel" means Winston & Strawn LLP.

"Effective Date" shall be the later of (i) if there is no appeal of the Court's Order Granting Final Approval of the Settlement, the date thirty (30) days after entry of such Order, or (ii) if there is an appeal of the Court's Order Granting Final Approval of the Settlement, the day after all appeals are resolved in favor of final approval.

"Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

"Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Awards, and Dismissal of the Litigation.

"FLSA Collective Members" shall be defined as all Medical Record Retrievers who were included in the Conditionally Certified Collective and returned their forms to opt into this action,

or who are Named Plaintiffs, a list of which is annexed here as Exhibit A.

"Gross Settlement Amount" means the Two Hundred and Seventy-Five Thousand ($275,000), which Defendants have agreed to pay to settle the Litigation, as set forth in this Agreement.

"Litigation" means the action filed in the United States District Court for the Eastern District of New York and captioned *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053.

"Named Plaintiffs" means Dominica R. Zeller, Elena P. Carroll, Shari Merrill, Tammy Meunier, Sheila F. Murphy, Sheri Brooking-Van Lone, Amy Cross, Amy Stowe, Jane Pietkivitch, Janice Bartoldus and Ruby Owens.

"Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions for: (i) the Settlement Claim Administrator's fees and costs; (ii) Court-approved attorneys' fees and costs for Class Counsel; and, (iii) Court-approved Service Awards to Named Plaintiffs.

"Notice" or "Notices" means the Court-approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit and Fairness Hearing.

"Objector" means an individual who files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

"Opt-out Statement" means a written signed statement that an individual Rule 23 Class Member has decided to opt-out and not be included in this Agreement.

"Parties" shall mean, collectively, the Named Plaintiffs, the Rule 23 Class Members, the FLSA Collective Members, and Defendants.

"Plaintiffs" shall mean the Named Plaintiffs, the Rule 23 Class Members, and the FLSA Collective Members.

"Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Notices to the Class Members.

"Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator for the Settlement Amount paid by Defendants. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval. Interest, if any, earned on the QSF will become part of the Settlement Amount.

"Released Claims" means any and all wage and hour claims based on or under the FLSA, NYLL, CLL, OMFWSA, MMWS, IMWL, CMWA and WIMWL, and any and all claims arising from or relating to services provided for the Releasees, for overtime wages, interest, liquidated

damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement, including but not limited to all claims for damages, interest, liquidated damages, and attorneys' fees and costs related to such wage and hour claims.

"Releasees" means all Defendants and their direct and indirect parents, subsidiaries, affiliates and related entities, and all of the individuals or entities that hold an interest in PDC Corporation, Parameds.com, Inc. or RES Servicing Corp., and their present and former officers, directors, members, managers, partners, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, predecessors, successors, assigns and representatives, in their individual and representative capacities.

"Rule 23 Class Members" means all individuals who provided services as Medical Record Retrievers for Defendants from June 1, 2009 to June 1, 2015 for those located in New York State, September 9, 2007 to September 9, 2013 for those located in Maine, September 9, 2009 to September 9, 2013 for those located in California, September 9, 2010 to September 9, 2013 for those located in Illinois and Ohio, and September 9, 2011 to September 9, 2013 for those located in Connecticut and Wisconsin, who do not opt-out of the NYLL, CLL, OMFWSA, MMWS, IMWL, CMWA or WIMWL claims. A list of currently identified Rule 23 Class Members is attached as Exhibit B.

"Settlement Claims Administrator" will be Dahl Administration LLC, 6465 Wayzata Blvd Suite 420, Minneapolis, MN 55426, which was selected by Defendants.

"Settlement Checks" means checks issued to Class Members by the Settlement Claims Administrator for their share of the Net Settlement Fund calculated in accordance with this Agreement.

2.     APPROVAL AND CLASS NOTICE

a.     Binding Agreement.  This Agreement is a binding agreement and contains all material agreed upon terms for the Parties to seek a full and final settlement of the Litigation.

b.     Retention and Duties of the Settlement Claims Administrator.

Defendants shall be responsible for retaining the Settlement Claims Administrator. The Settlement Claims Administrator will be responsible for identifying Class Members; mailing Notices to Class Members in accordance with the Court's Preliminary Approval Order; responding to Class Members' inquiries; resolving disputes relating to Class Members' workweeks worked and settlement share amounts; distributing Service Awards; calculating Settlement Checks in accordance with the Court's Final Approval Order, the claims administration process; distribution of Settlement Checks to Class Members; providing the original Settlement Checks signed by the Class Members to Defendants' Counsel; providing copies of the Settlement Checks to Class Counsel for filing with the Court; preparing a declaration regarding its due diligence in the claims administration process; mailing all notices required by the Class Action Fairness Act; and performing such other duties as the Parties may

4

jointly direct or as are specified herein.

The Settlement Claims Administrator's fees shall be borne by the Defendants.

The Parties will have equal access to the Settlement Claims Administrator and all information related to the administration of the settlement. The Settlement Claims Administrator will provide regular reports to the Parties regarding the status of the mailing of the Notices to Class Members, the claims administration process, and distribution of the Settlement Checks.

Defendants agree to cooperate with the Settlement Claims Administrator, provide accurate information, to the extent reasonably available, necessary to calculate the Settlement Checks, and assist the Settlement Claims Administrator in locating Class Members.

c.   CAFA Notice.  Within 10 days after this proposed Agreement is filed or otherwise presented to the Court, the Settlement Claims Administrator, with the reasonable assistance of Defendants, will serve upon the appropriate officials in each state in which a Rule 23 Class Member resides (based upon Rule 23 Class Members' last known addresses) and the Attorney General of the United States a notice of the proposed settlement in compliance with the requirements of Class Action Fairness Act.

d.   Preliminary Approval Motion.  On or before July 22, 2015, Plaintiffs will submit to the Court a Motion for Conditional Certification of the Settlement Class and for Preliminary Approval of the Class Action Settlement ("Preliminary Approval Motion").  In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things: (a) a proposed Notice of Settlement of the Class Action Lawsuit and Fairness Hearing which is appended hereto as Exhibit C, and (b) a proposed Order Granting Preliminary Approval.  The Preliminary Approval Motion will seek the setting of dates for opt-outs, objections, and a Fairness Hearing.  Defendants will not oppose the Preliminary Approval Motion; however, if Defendants have any comments that Plaintiffs refuse to adopt in their Motion for Preliminary Approval, then Plaintiffs shall  note those comments in their Motion for Preliminary Approval.

The proposed Preliminary Approval Order will include the findings required by Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Preliminary Approval Motion also will seek the setting of date(s) for individuals to opt out of the Rule 23 Class and/or file objections to the settlement, which date shall be thirty (30) days from the mailing of the Notice to the Class Member, but no later than sixty (60) days from the Preliminary Approval Order, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order"  and  a  "Judgment of Dismissal" that will, among other things:  (i) approve the settlement as fair, adequate and reasonable; (ii) incorporate the terms of the Release, as described herein; (iii) dismiss the Litigation with prejudice; (iv) award Class Counsel fees and costs; and, (v) award Service Awards to Named  Plaintiffs.

If the Court denies the Motion for Preliminary Approval, then the Parties jointly agree to

5

seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

The Parties will work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal.

e.      Notice to Class Members

Within ten (10) days of the Court's issuance of a Preliminary Approval Order, Defendants will provide the Settlement Claims Administrator, in electronic form, for all Class Members the following information to the extent available: name, Social Security Number, last known addresses, last known personal and business email addresses, dates of service and workweeks within the applicable statute of limitations, as that information exists on file with Defendants ("Class List").

Within twenty (20) days of the Court's issuance of the Preliminary Approval Order, the Settlement Claims Administrator will mail to all Rule 23 Class Members, via First Class United States Mail, postage prepaid, the Court-approved Notice of Settlement of Class and Collective Action Lawsuit and Fairness Hearing.

Within twenty (20) days of the Court's issuance of the Preliminary Approval Order, the Settlement Claims Administrator will mail to all FLSA Collective Action Members, via First Class United States Mail, postage prepaid, the Court- approved Notice of Settlement of Collective Action Lawsuit and Fairness Hearing.

The Settlement Claims Administrator will take reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable and shall attempt re-mailings as described in this Agreement. The Settlement Claims Administrator will notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

f.      Rule 23 Class Member Opt-outs.

Rule 23 Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement, and include his or her name, job title, address, and telephone numbers and states, "I opt out of the PDC/Param*eds/RES wage and hour settlement" ("Opt-out Statement"). To be effective, an Opt-out Statement must be postmarked within thirty (30) days from the mailing of the Notice to the Class Member and no later than sixty (60) days from the Preliminary Approval Order.

Class Members whose first mailing was returned to the Settlement Claims Administrator as undeliverable will be allowed to opt-out or object up to thirty (30) days from the date of the second mailing but no later than sixty (60) days from the Preliminary Approval Order. The Settlement Claims Administrator shall attempt at least two (2) mailings of the Notice and Claim Form to any Class Member.

The Settlement Claims Administrator shall keep accurate records of the dates on which it sends Notices to Class Members.

The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendants' Counsel no later than five (5) days after receipt thereof. The Settlement Claims Administrator will also, within five (5) days of the end of the Opt-out Period, file with the Clerk of Court, stamped copies of any Opt-out Statements. The Settlement Claims Administrator will, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendants' Counsel by both email and overnight delivery. The Settlement Claims Administrator will retain the stamped originals of all Opt out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

Any Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement and will be issued a Settlement Check, which will contain a release of both their FLSA and state law claims, and a consent-to-join the Litigation, as set forth in this Agreement.

g.      Objections to Settlement.

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in a written statement ("Written Objection"). To be considered, the Written Objection must be mailed to the Settlement Claims Administrator, via First-Class United States Mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain thirty (30) days from the mailing of the Notice to the Class Member and no later than sixty (60) days from the Preliminary Approval Order. The Written Objection must include (i) the words, "I object to the PDC/Parameds/RES wage and hour settlement;" (ii) all reasons for the objection (any reasons not included in the statement will not be considered); and, (iii) the name, job title, address, and telephone numbers for the Class Member making the objection. An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein. The Settlement Claims Administrator will stamp the date received on the original and send copies of each Written Objection to Class Counsel and Defendants' Counsel by email and overnight delivery no later than three (3) days after receipt thereof. The Settlement Claims Administrator will also file the date-stamped originals of any and all Written Objections with the Court within three (3) days after the end of the Opt-out Period.

An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An

Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in this section. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her Written Objections. A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement or speak at the Fairness Hearing.

The Parties may file with the Court written responses to any filed objections no later than fourteen (14) days before the Fairness Hearing.

h.     Entry of Judgment. At the Fairness Hearing, the Parties will request that the Court, among other things, (a) certify the classes for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement and Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not timely opted out pursuant to Section 3.5, and (d) dismiss the Litigation with prejudice.

j.     Effect of Failure to Grant Final Approval. In the event the Court fails to enter Judgment in accordance with this Agreement or such Judgment does not become Final as defined herein, the Parties shall resume the Litigation unless the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment, or attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. In the event any reconsideration or appellate review is denied, or a mutually agreed-upon settlement is not approved the Litigation will proceed as if no settlement had been attempted. In that event, the classes certified for purposes of settlement shall be decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Plaintiffs in this action. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

k.     The Court will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

l.     Releases and Consents to Join.

A Class Member who does not timely return an Opt-out Statement will be issued a Settlement Check by the Settlement Claims Administrator from the QSF in accordance with the Final Approval Order.

All Settlement Checks shall contain on the back of the check, the following limited endorsement:

FINAL RELEASE OF CLAIMS:

I understand that I have up to forty-five (45) days from the date I was mailed this Settlement Check to sign and cash this Settlement Check.

By endorsing this check, I agree to be bound by the Settlement Agreement negotiated by Class Counsel in the litigation captioned *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053, United States District Court, Eastern District of New York.

I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim that I have or might have against Defendants, its parents, affiliates, subsidiaries, officers, directors, shareholders, agents, and/or employees, for violations of the federal or state wage and hour laws, relating to my provision of services to PDC/Parameds/RES as a Medical Record Retriever up to and including [the date of the Preliminary Approval Order].

Dated: _____

Signature

The Settlement Checks will be mailed to the Class Members, and the attorneys' fees and costs checks mailed to Class Counsel by the Settlement Claims Administrator ten (10) business days after the Effective Date. Service Award checks shall be mailed to each recipient within ten (10) business days after such recipient has returned the signed Supplemental Release to Defendants' Counsel.

The Court will retain jurisdiction over the case following the entry of the Judgment for Dismissal until thirty (30) days after the end of the Acceptance Period. The Settlement Claims Administrator will notify the Court of the expiration of the Acceptance Period.

3.    SETTLEMENT TERMS

a.    Settlement Amount.

Defendants agree to pay the Gross Settlement Amount of Two-Hundred Seventy Five Thousand Dollars ($275,000), which shall fully resolve and satisfy any and all claims for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Class Members, any Court-approved Service Awards to Named Plaintiffs. Other than all fees and costs associated with investing and liquidating the QSF, and the Settlement Claims Administrator's fees, Defendants will not be required to pay more than Two-Hundred Seventy Five Thousand Dollars ($275,000) under the terms of this Agreement.

By no later than ten business (10) days after the date of the Final Approval Order, Defendants shall deposit Two-Hundred Seventy Five Thousand Dollars ($275,000) into the QSF. Any interest accrued from the QSF shall immediately be added to and become part of the Gross

Settlement Amount.

Class Members will have forty-five (45) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period"). Class Members will be informed of the Acceptance Period in the Notices and on the Settlement Checks.

Any uncashed Settlement Checks to Rule 23 Class Members or Service Award checks outstanding ninety (90) days after the Final Approval Order will be redistributed among the Class Members who cashed their initial settlement checks as non-wage income, pro rata or, if the amount remaining is small enough that a redistribution is not practical, it will be distributed to a *cy pres* designee. The parties shall submit their proposed *cy pres* designees to the Court and the Court shall determine the appropriate *cy pres* designee.

      b.     Settlement Amounts Payable as Attorneys' Fees and Costs.

At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than one-third (1/3) of the Settlement Amount, and, in addition, for reimbursement of their actual litigation costs, and expenses to be paid from the QSF including the cost of document review specialists. After depositing the Settlement Amount with the Settlement Claims Administrator for the QSF, Defendants shall have no additional liability for Class Counsel's attorneys' fees and costs.

The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

      c.     Service Awards to Certain Plaintiffs.

In return for services rendered to the Class Members, at the Fairness Hearing, the following Named Plaintiffs will apply for the following as a Service Award from the QSF: $2,000 to Sheri Brooking-Van Lone, $2,000 to Amy Cross, $15,000 to Dominica Zeller, $10,000 to Amy Stowe, $6,000 to Jane Pietkivitch, $5,000 to Sheila Murphy, $10,000 to Tammy Meunier, $10,000 to Shari Merrill, and $6,000 to Elena Carroll. Defendants will not oppose such applications. To obtain said Service Awards after approval, each recipient must sign a supplemental full and general release to be provided prior to receiving service awards, in the forms collectively attached as Exhibit D (the "Supplemental Releases").

The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application the Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

      d.     Net Settlement Fund and Allocation to Class Members.

The allocation to Class Members for Settlement Checks will be made from the Net Settlement Fund.

A Class Member's proportionate share of the Net Settlement Fund will be determined by the Settlement Claims Administrator pursuant to the following formula:

Each Class Member who worked in New York State shall be assigned one point for each week worked in New York between June 1, 2009 and June 1, 2015.

Each Class Member who worked in Maine shall be assigned one point for each week worked in Maine between September 9, 2007 and September 9, 2013.

Each Class Member who worked in California shall be assigned one point for each week worked in California between September 9, 2009 and September 9, 2013.

Each Class Member who worked in Illinois shall be assigned one point for each week worked in Illinois between September 9, 2010 and September 9, 2013.

Each Class Member who worked in Ohio shall be assigned one point for each week worked in Ohio between September 9, 2010 and September 9, 2013.

Each Class Member who worked in Connecticut shall be assigned one point for each week worked in Connecticut between September 9, 2011 and September 9, 2013.

Each Class Member who worked in Wisconsin shall be assigned one point for each week worked in Wisconsin between September 9, 2011 and September 9, 2013.

Each Member of the Collective who does not reside in New York, Maine or California shall be assigned one point for each week worked between September 9, 2010 and September 9, 2013, but in no case shall a Member of the Collective or Member of the Class receive more than one point for each week worked.

To calculate each Class Member's proportionate share:  (i) add all points for Class Members together to obtain the "Total Denominator;" (ii) divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's "Portion of the Net Settlement Fund;" and, (iii) multiply each Class Member's Portion of the Net Settlement Fund by the Net Settlement Fund to determine each Class Member's "Settlement Award."

c.      Tax Characterization.

For tax purposes payments shall be treated as interest and/or liquidated damages. Payments shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to Section 4.2 shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099. Any Service Award payment pursuant to Section 4.3 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099. The Settlement Claims Administrator shall be responsible for making all tax related calculations required with the payout of the Settlement Fund.

4.      RELEASE

a.      Release of Claims.

By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement:

Upon the Effective Date, and except as to such rights or claims that may be created by this Agreement, each Class Member who does not timely opt out pursuant to this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future representatives, heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases and discharges the Releasees from any and all wage and hour claims based on or under the NYLL, CLL, OMFWSA, MMWS, IMWL, CMWA and WIMWL for all wage and hour claims arising from or relating to services provided for the Releasees, and any and all wage and hour claims that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement, including but not limited to, all claims for damages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

Upon the Effective Date, and except as to such rights or claims that may be created by this Agreement, each FLSA Class Member forever and fully releases and discharges the Releasees from all wage and hour claims based on the Fair Labor Standards Act, as amended, claims arising out of or relating to work performed at or for Releasees for overtime wages, interest, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement including but not limited to all claims for damages, interest, liquidated damages, and attorneys' fees and costs related to such wage and hour claims.

b.      Release of Fees and Costs for Settled Matters.

Class Counsel on behalf of the Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Class Members.

    c.      Non-Admission of Liability.

Defendants have agreed to the terms of settlement herein without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation, and put the claims in the Litigation finally to rest. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, or as an admission that a class should be certified for any purpose other than settlement purposes.

5.      INTERPRETATION AND ENFORCEMENT

    a.      Cooperation between the Parties; Further Acts.

The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Courts' approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

    b.      No Assignment.

Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

    c.      Entire Agreement.

This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

    d.      Binding Effect.

This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiffs, the Opt-in Plaintiffs, and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

    e.      Arms' Length Transaction; Materiality of Terms.

The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

f.      Captions.

The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

g.      Construction.

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

h.      Severability.

If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

i.      Governing Law.

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

j.      Continuing Jurisdiction.

The United States District Court for the Eastern District of New York shall retain exclusive jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

k.      Waivers; Modifications; Amendments.

No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

l.      Publicity.

Class Members and Class Counsel and Defendants' Counsel agree that they will respond to any press inquiries with the response that "the parties have resolved their differences to their mutual satisfaction" or words to that effect.

m.      When Agreement Becomes Effective; Counterparts.

This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

n.      Signatures of Named Plaintiffs.

This Agreement is valid and binding if signed by Defendants' Counsel and Class Counsel.

o.      Facsimile and Email Signatures.

Any party may execute this Agreement by causing his, her or its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be valid.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Executed this _____ day of _____, 20___ by _____

for PDC CORPORATION

Print Name: _____

Title: _____

Executed this _____ day of _____, 20___ by _____

for PARAMEDS.COM, INC.

Print Name: _____

Title: _____

Executed this _____ day of _____, 20___ by _____

for RES SERVICING CORP

Print Name: _____

Title: _____

Executed this _____ day of _____, 20___ by _____

ELI ROWE

16

Executed this 2 day of July, 2015 by  Dominica R Zeller
DOMINICA R ZELLER

Executed this __2__ day of __July__, 20__15__ by ___E. Carroll___
ELANA P. CARROLL

Error! Unknown document property name.

Case 1:13-cv-05035-JO    Document 121-2    Filed 06/29/16    Page 19 of 92 PageID #: 1237

Executed this 3 day of July, 2015 by _Shari Merrill_
SHARI MERRILL

[xxxx] Unknown document property name.

Executed this 6 day of July, 20 15 by T. Meunier
TAMMY MEUNIER

Error! Unknown document property name.

Executed this 2nd day of July, 2015 by _Sheila Murphy_

SHEILA F. MURPHY

Error! Unknown document property name.

Executed this ___7___ day of ___July___, 20 _15_ by ___S Blabin - Van Lane___

SHERI BROOKING-VAN LONE

22

Executed this __2__ day of __July__, 20__15__ by __A Cross__
AMY CROSS

Executed this _____ day of _____, 20___ by _____
                                              AMY STOWE

Error! Unknown document property name.

Executed this __2__ day of __July__, 20 __15__ by __J. Pretkivitch__

JANE PIETKIVITCH

Error! Unknown document property name.

Executed this ___9___ day of ___July___, 20_15_ by ___Ʋ. Bartoldus___

JANICE BARTOLDUS

Error! Unknown document property name.

Executed this _5_ day of _JULY 2015_, 2015 by _Ruby Owens_
RUBY OWENS

Exhibit A to Settlement Agreement

| | | | | | | |
|---|---|---|---|---|---|---|
| Sizzly | Acevedo | 31611 Spoonflower Circle | | Wesley Chapel | FL | 33545 |
| Megan | Angus | 284 Springmont Road | | Sagamore Hills | OH | 44067 |
| Melissa | Archer | 142 E. Philadelphia St. #3 | | York | PA | 17401 |
| Laura | Bankhead | 12660 Memorial Way #1000 | | Moreno Valley | CA | 92553 |
| Janice | Bartoldus | 6 Laurie Boulevard | | Centereach | NY | 11720 |
| Trudy | Bazemore | 1630 Shenkel Road | | Pottstown | PA | 19465 |
| Donna | Bell | P.O.Box 652 | | Sophia | WV | 25921 |
| Lita | Benton | 3708 Galway Rd. # 14 | | Ballston Spa | NY | 12020 |
| Alisa | Bolden | 703 Looney Street | | Memphis | TN | 38107 |
| Kaila | Brion | 745 Lynwood Ct | | Merritt Island | FL | 32953 |
| Nikki | Brown | 1007 Lee Ave | | Cheraw | SC | 29520 |
| Veronica | Cabrales | 2595 W. 21st Street | | Yuma | AZ | 85364 |
| Jessi | Cabreja | 64 Prospect Avenue Apt. B5 | | Hackensack | NJ | 7601 |
| Branden | Cain | 509 S 29th St | | Middlesboro | KY | 40965 |
| Lisa | Calden | 3531 SW 5th St. | | Cape Coral | FL | 33991 |
| Felicitaz | Cardena | 5759 S Albany Ave | | Chicago | IL | 60629 |
| Elana | Carroll | 31 Central Avenue | | Granite Falls | NC | 28630 |
| Lydia | Clark | PO Box 160 | | Ashtabula | OH | 44005 |
| Jenny | Collins | 82 Naples Ave. | | Providence | RI | 2908 |
| Mary | Conley | 3304 Loretto Rd | | Jacksonville | FL | 32223 |
| Kathy | Conrad | 118 S Ohio Ave | | Lancaster | OH | 43130 |
| Erica | Cox | 3431 E. 60th St | | Kansas City | MO | 64130 |
| Amy | Cross | 114 Hosack St. | | Arlington | TX | 76010 |
| Lori | Cunningham | 708 Banner Cr. | | Salina | KS | 67401 |
| Nicole | DeMichael | 1836 S. Keim St. | | Pottsotwn | PA | 19465 |
| Carol | Engels | 16060 W Anna Dr | | Wadsworth | IL | 60083 |
| Yolanda | Ferguson | 8312 Old Ironsides Loop | | Ft. Benning | GA | 31905 |
| Jennifer | Finch | 4878 Hummingbird St | | Elida | OH | 45807 |
| Sherri | Garney (Brooking-Van Lone) | 84 Southport Woods Dr | | Southport | CT | 6890 |
| Theroda Sindy | Gaillard-Britt | 219 Rebecca Street | | Santee | SC | 29142 |
| Katie | Geideman | 381 N 1st Dr | | Show Low | AZ | 85901 |
| Stephanie | Gibson | 7347 Norfolk Place | | Castle Rock | CO | 80108 |
| Samantha | Glass | 7615 Magnolia Beach Rd. # 3A | | Denham Springs | LA | 70726 |
| Angelia | Goodin | 739 Cowboys Pkwy | Apt# 3114 | Irving | TX | 75063 |
| Melanie | Handley | 122 Cole Ave. | | Miamisburg | OH | 45342 |
| Danita M. | Haynes | 1008 Chipwood Court | | Irmo | SC | 29063 |

| Contessa | Haynie | Po Box 136 | | Fountain | NC | 27829 |
| Lee | Henry | 18053 Cullman Avenue | | Port Charlotte | FL | 33948 |
| Laurie | Heying | 572 Field View Dr | | Rapid City | SD | 57701 |
| Linda | Hill | 301 Polk Street | | Laporte | IN | 46350 |
| Stephanie | Holder | 5564 Estates Court | | Norcross | GA | 30093 |
| Barbara | Horton | 3517 East 129th Street | | Cleveland | OH | 44105 |
| Constance | Hunter | 655 W 65th St | Apt 813 | Chicago | IL | 60621 |
| Davelyn | Johnson | 70 Buntin St. | | Woodbine | GA | 31569 |
| Khyla | Johnson | 5900 Baymeadows Lane | Apt. 1508 | Arlington | TX | 76017 |
| Tracy | Johnson | 1312 N. Park Ave | | Herrin | Il | 62948 |
| Georgia | Kearns | 11091 White Sands | | San Antonio | TX | 78233 |
| Virginia | Kelly-Gentles | 224 W Olive Ave | | Monrovia | CA | 91016 |
| Diane | Kennedy | PO BOX 1467 | | Goldendale | WA | 98620 |
| Charlotte | Kersey | 152 Country Club Circle | | Sanford | FL | 32771 |
| Miranda L. | King (Smith) | 2110 South Santa Fe | 203 | Moore | OK | 73160 |
| Stephanie | Kolb | 2289 Eastbrook Rd | | Vista | CA | 92081 |
| Jill | Kunkel | 22093 Bulick Ave | | Adrian | MN | 56110 |
| Alanna | Lane | 11800 Edgewater Dr. | | Lakewood | OH | 44107 |
| Antoinette | Lavern | 2025 Peachtree Rd NE | Apt 1529 | Atlanta | GA | 30309 |
| Carla | Leos | 2801 Treasure Hills Blvd. Apt #4 | | Harlingen | TX | 78550 |
| Pearl | Lewis | 5302 Devon Green Drive | | Katy | TX | 77449 |
| Tammy | Lewis | P O Box 836 | | Winnsboro | LA | 71295 |
| MIchelle | Lublin | 5480 South Valdai Street | | Aurora | CO | 80015 |
| Julie | Mack | 5335 Devon Green Drive | | Katy | TX | 77449 |
| Davette | Malufka | 109 W South Street | | Annawan | IL | 61234 |
| Anna | Marrero-Lopez | 10032 Bussey Road | | Sycamore | GA | 31790 |
| Bera | Marushka Rose | 1240 E. 25th Street | | San Angelo | TX | 76903 |
| Carolyn | Mason | 570 SW Bailey Terrace | | Port St. Lucie | FL | 34953 |
| Frances | Matias | 10030 Bussey Rd | | Sycamore | GA | 31790 |
| Lawanda | McCall | 1321 Alexwood Dr | | Hope Mills | NC | 28348 |
| Jeremy | McMillen | 334 Settlement Rd | | Hamilton | AL | 35570 |
| Shari | Merrill | 810 Sennett St. | | Miamisburg | OH | 45342 |
| Dominica | Miller (Zeller) | 2075 Rhonda Street | | Oxnard | CA | 93036 |
| Linda | Million | 121Savannah Ridge Trails | | Demorest | GA | 30535 |
| Beverly | Moore | 5662 Frontier Walk Lane | | Buford | GA | 30518 |
| Sharon | Mosley | 1434 College Pkwy | | Gulf Breeze | FL | 32563 |
| Lois | Murphy | P.O. Box 43 | | Lewiston | NC | 27849 |
| Sheila | Murphy | 6073 Bobwhite Road | | Louisville | IL | 62858 |
| Denise | Neiswender | 62430 Locust Rd | #156 | South Bend | IN | 46614 |
| Linda | Nielson | 116 Foster Court | | Johnson City | TN | 37604 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Melissa | Nowak | 2108 Education Way | | Way Oakwood | GA | 30566 |
| Michelle | Nowak | 2108 Education Way | | Oakwood | GA | 30566 |
| Elizabeth | OConnell | 25 Chestnut St. | | Lexington | NC | 27292 |
| Ruby | Owens | 97 Talawanda Trail | | Dayton | OH | 45429 |
| Ernestine | Phillips | 9226 Shadow Crest | | Converse | TX | 78109 |
| Jane | Piekivitch | 109 W. North St., Apt. 4 | | Deforest | WI | 53532 |
| Jessica | Pizzaro | 1833 Lake Shadow Way | | Suwanee | GA | 30024 |
| Danielle | Powell | 69 Lucas Rd | | Sumrall | MS | 39482 |
| Constance | Pratt | 809 Attonbury Ln | | FAYETTEVILLE | NC | 28312 |
| Lisa | Racz | PO Box 2948 | | Cleveland | GA | 30528 |
| Tammy | Raymond (Meunier) | 23 Newhall St. | | Fairfield | ME | 4937 |
| Eugenia | Reed | 7213 Carothers | | Houston | TX | 77028 |
| Lynn | Rocco | 2316 Oakview Drive | | New Bern | NC | 28562 |
| Angelica | Rodriguez | 1301 S 5th Street Apt P2 | | Hartsville | SC | 29550 |
| Angela | Rudy | 513 Pinnacle Road | | Thompsontown | PA | 17094 |
| Sharyn | Silas | 15229 Cottage Grove Ave | | Dolton | IL | 60419 |
| Wanda | Singletary | PO Box 1011 | | Lake City | SC | 29560 |
| April | Smith | 23 River Dr | | Granite Falls | NC | 28630 |
| Michelle | Smith | 13 Charleston Court | | Stafford | VA | 22554 |
| Zoe | Smith | 9831 S California Avenue | | Evergreen Park | IL | 60805 |
| Dymie | Sorzano | 631Cypress Lake BLVD Unit C | | Deerfield Beach | FL | 33064 |
| Sheryl | Spindle | 421 Brittany Harbor South | | Lavonia | GA | 30553 |
| Amy | Stowe | 1232 Melrose Dr | | Rock Hill | SC | 29732 |
| Patricia | Stowe | 11099 White Sands St | | Live Oak | TX | 78233 |
| Deborah | Thomas | 195 S Hook Rd. | | Pennsville | NJ | 8070 |
| Terry | Thomas | PO Box 24505 | | Dayton | OH | 45424 |
| Marcia | Thompson | 2229 Highland Ave | | Anderson | IN | 46011 |
| Vanessa | Townsend | 1619 County Rd 115 | | Union Springs | AL | 36089 |
| Jennine | Ursillo | 6 Swanson Dr | | Wilmington | DE | 19808 |
| Amanda | Vail | 6945 W Currahee St | | Toccoa | GA | 30577 |
| Tracey | Vaughn | 3101 Riviera Court | | Herrin | IL | 62948 |
| Courtney | Walker | Po Box 351 | | Central Bridge | NY | 12035 |
| Dianna | Ward-Cain | 72 Setter Dr | | Anniston | AL | 36207 |
| Tami | Warner | RR 3 Box 66 | | Vandalia | IL | 62471 |
| Diana | Weber | 4101 Jenks Hwy | | Charlotte | MI | 48813 |
| Teree | Whitehead | 3005 Hidden Lake Dr. | | Duluth | GA | 30096 |
| Tamatha | Whitehurst | 135 Lakeview Estates Lane | | Eatonton | GA | 31024 |
| Lakisha | Williams | POB 536 | | Smith Station | AL | 36877 |
| Lynda | Williams | 3601 Windsor Blvd | | Oklahoma City | OK | 73122 |

| Penny | Williams | 6827 Flint Hill Rd | | Sophia | NC | 27350 |
|---|---|---|---|---|---|---|
| Prentice | Williams | 4131 Crossgate Ct | | Arlington | TX | 76016 |
| Karoline | Willis | 76 Lori Ln | | East Bridgewater | MA | 2333 |
| Ina | Witherspoon | 417A US Hwy 401 Byp S | | Laurinburg | NC | 28352 |
| Latisha | Young | 6221 Katelyn Park | | Lithonia | GA | 30058 |

Exhibit B to Settlement Agreement

| | | | | | | |
|---|---|---|---|---|---|---|
| Bekha | Ashman | 3505 | | Glenville | NY | 12302 |
| Deborah | Babb | 125 East | | Brooklyn | NY | 11203 |
| Janice | Bartoldus | 6 Laurie | | Centereac | NY | 11720 |
| Hysyet | Brown | 300 | | Uniondale | NY | 11553 |
| Miriam | Kraminer | 1140 38th street | | Brooklyn | NY | 11218 |
| Susan | Ripley | 14 Main St. | Lot 232 | Wellsburg | NY | 14894 |
| Erin | Robbins | 18 Wendell St | | Ravena | NY | 12143 |
| Courtney | Walker | Po Box 351 | | Central Bridge | NY | 12035 |
| Lita | Benton | 3708 | | Ballston | NY | 12020 |
| 13 New York class members TBD | | | | | | |
| Laura | Bankhead | 12660 | | Moreno | CA | 92553 |
| LaTicia | Jeffries | 317 Fayetteville Ave, Unit B | | Carolina Beach | CA | 28428 |
| Virginia | Kelly-Gentles | 224 W Olive Ave | | Monrovia | CA | 91016 |
| K. | McCollam | 5123 Daly Court | | Foresthill | CA | 95631 |
| Edna | Renskers | 3404 Markwood St. | | Duarte | CA | 91010 |
| Norma | Vela | 162 Ebony Ave | | Imperial Beach | CA | 91932 |
| Grace | Wu | P.O. Box 6262 | | Thousand Oaks | CA | 91359 |
| Dominica | Miller | 2075 Rhonda Street | | Oxnard | CA | 93036 |
| 5 California Class Members TBD | | | | | | |
| Felicitaz | Cardena | 5759 S | | Chicago | IL | 60629 |
| Jessica | Comper | 320 S | | Centralla | IL | 62801 |
| Carol | Engels | 16060 W Anna Dr | | Wadsworth | IL | 60083 |
| Yareliz | Flores | 400 Mill St | | South Elgin | IL | 60177 |

| Shavonne | Gillette | 10313 S. Hale Unit 2B | | Chicago | IL | 60643 |
|---|---|---|---|---|---|---|
| Jessica | Gort | 3308 Taft AVE SW | | Wyoming | IL | 49519 |
| Melissa | Hollingsworth | 1118 Woodbury Lane | | Wheeling | IL | 60090 |
| Constance | Hunter | 655 W 65th St | Apt 813 | Chicago | IL | 60621 |
| Tracy | Johnson | 1312 N. Park Ave | | Herrin | Il | 62948 |
| Janet | Lamb | P. O. Box 8 | | Omaha | IL | 62871 |
| Davette | Malufka | 109 W South Street | | Annawan | IL | 61234 |
| Cindy | Price | 1917 Settlers Court | | McHenry | IL | 60050 |
| Julia Ann | Ratley | 54 Ford St. | | New Haven | IL | 62867 |
| Chana | Rochel Baumel | 6331 N. Central Park Ave | | Chicago | IL | 60659 |
| Sharyn | Silas | 15229 Cottage Grove Ave | | Dolton | IL | 60419 |
| Zoe | Smith | 9831 S California Avenue | | Evergreen Park | IL | 60805 |
| Tracey | Vaughn | 3101 Riviera Court | | Herrin | IL | 62948 |
| Karen | Walters | 2500 Eldorado Blacktop Rd | | Equality | IL | 62934 |
| Sheila | Murphy | 6073 Bobwhite Road | | Louisville | IL | 62858 |
| Kelly | Netzband | 602 East Locust Street | | Watseka | IL | 60970 |
| Becky | Poe | 40 Lakeview St. | | Wolf Lake | IL | 62998 |
| Sarah | Bailey | 1650 | | ORRVILL | OH | 44667 |
| Michelle | Carpintero | 2098 | | Loveland | OH | 45140 |
| Lydia | Clark | PO Box | | Ashtabula | OH | 44005 |
| Christine | Collins | 4247 | | Brunswick | OH | 44212 |
| Kathy | Conrad | 118 S | | Lancaster | OH | 43130 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Jennifer | Finch | 4878 Hummingbird St | | Elida | OH | 45807 |
| Barbara | Horton | 3517 East 129th Street | | Cleveland | OH | 44105 |
| Rita | Kesic | 129 Strawberry Hill Road | | Rittman | OH | 44270 |
| Rhonda | Morris | 1033 Terrydel Ln | | Cincinnati | OH | 45245 |
| Kamala | Owens | 1895 Zwayer Dr Apt B | | Marion | OH | 43302 |
| JoAnn | Perry | 5472 Longworth Drive | | Galloway | OH | 43119 |
| Dalana | Sharp | 6685 Dietz Drive | | Canal Winchester | OH | 43110 |
| Terry | Thomas | PO Box 24505 | | Dayton | OH | 45424 |
| Rochel | Yehudis Sandell | 27900 Bishop Park Dr. | Apt # F105 | Willoughby Hills | OH | 44092 |
| Megan | Angus | 284 | | Sagamore | OH | 44067 |
| Vita | Simpson | 193 Ziegler Ave | | Columbus | OH | 43207 |
| Shari | Merrill | 810 Sennett St. | | Miamisburg | OH | 45342 |
| Tammy | Raymond | 23 Newhall St. | | Fairfield | ME | 4937 |
| 1 Additional Maine Class Member | | | | | | |
| Jane | Piekivitch | 109 W. North St., Apt. 4 | | Deforest | WI | 53532 |
| Sherri | Garney | 84 Southport Woods Dr | | Southport | CT | 6890 |

Exhibit C to Settlement Agreement

### NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT AND FAIRNESS HEARING

### United States District Court for the Eastern District of New York

If you were engaged as a Medical Records Retriever for PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. between September 9, 2010 to September 9, 2013 anywhere in the U.S., or from June 1, 2009 to June 1, 2015 in the State of New York, from September 7, 2007 to September 9, 2013 in the State of Maine or from September 9, 2009 to September 9, 2013 in the State of California, from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin, you may be entitled to a payment from a Class Action lawsuit settlement.

*This is a Court-authorized notice. This is not a solicitation from a lawyer.*

This notice pertains to any individual who was engaged by PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever from June 1, 2009 to June 1, 2015 in the State of New York, September 9, 2007 to September 9, 2013 in the State of Maine, from September 9, 2009 to September 9, 2013 in the State of California, or from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin.

Plaintiffs say that the Defendants failed to pay medical records retrievers as employees the proper minimum wage and overtime pay, as well as other compensation, as required by law. The Defendants deny any wrongdoing, and state that the medical records retrievers were engaged by Defendants pursuant to independent contractor agreements, and that all monies were paid appropriately at all times on a 1099 basis.

To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement. Accordingly, the individuals who filed the suit and defendants PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe have settled. PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. have agreed to deposit $275,000 into a fund that will be used to pay Medical Records Retrievers who worked in the above states at the above times, or opted into this lawsuit, as well as to pay attorneys' fees, service awards, and litigation costs.

Under the allocation formula created by the settlement, you are entitled to receive approximately $_____, which you will be responsible for paying taxes on as if you earned this amount from PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. This amount is based on the number of weeks you provided services to PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever during the relevant liability period for claims under the Fair Labor Standards Act ("FLSA"), New York State Labor Law ("NYLL"), California Labor Law ("CLL"), the Ohio Minimum Fair Wage Standards Act, ("OMFWSA"), the Maine Minimum Wages Statute ("MMWS"), the Illinois Minimum Wage Law, ("IMWL"), the Connecticut Minimum Wage Act ("CMWA"), Wisconsin Minimum Wage Law

("WIMWL"), depending on the State in which you worked.

PDC Corporation, Parameds.com, Inc. and RES Servicing Corp. do not make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Your legal rights may be affected.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT OF NYLL, CLL, OMFWSA, MMWS, IMWL, and CMWA CLAIMS: | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive approximately the payment amount identified above. |
| **EXCLUDE YOURSELF** | Get no payment. If you provided services for PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever between June 1, 2009 to June 1, 2015 in the State of New York, or from September 9, 2007 to September 9, 2013 in the State of Maine, or from September 9, 2009 to September 9, 2013 in the State of California, or from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin, this is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against PDC Corporation, Parameds.com, Inc. RES Servicing Corp., or Eli Rowe for unpaid wages.<br><br>*If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund.* |
| **OBJECT** | Write to the Court about why you object to the settlement. If you exclude yourself from the settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement and if you do not exclude yourself from the settlement. |

| RIGHTS AND OPTIONS IN THIS SETTLEMENT OF FLSA CLAIMS: | |
|---|---|
| **ENDORSE AND DEPOSIT THE CHECK** | By endorsing and depositing the check, you will be agreeing to participate in the settlement and you will receive the payment amount identified on the check. |
| **NOT DEPOSIT THE CHECK** | If you do not wish to participate in, or be bound by, the settlement, you should not deposit the check. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

### 1. Why did I get this notice?

You are getting this notice because the Defendants' records show that you were engaged by PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Records Retriever at some point since September 9, 2007.  The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are heard, payments will be mailed to all individuals who provided services as Medical Records Retrievers during the dates mentioned above and class members who do not exclude themselves.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available. The Court overseeing this case is the United States District Court for the Eastern District of New York. This lawsuit is known as *Zeller et al. v. PDC Corporation, et al*., No. 13 Civ. 5053.

The people who filed the lawsuit are called the "Named Plaintiffs" and "Class Representatives." PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe are called the "Defendants."

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants properly paid Medical Records Retrievers in accordance with the federal and state labor laws.  Plaintiffs contend that Defendants violated federal law by failing to pay medical records retrievers the proper minimum wage and premium

overtime pay – at a rate of 1.5 times their regular hourly rate – for hours worked in excess of 40 hours per week.  Defendants maintain that the medical records retrievers were engaged by Defendants as independent contractors, and that all monies were paid appropriately at all times on a 1099 basis.

**1. What is a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims.  The people together are a "Class" or "Class Members."  The individuals who brought the lawsuit are called the Plaintiffs.  One court resolves the issues for everyone in the Class — except for those who choose to exclude themselves from the Class.

**2. What is a collective action?**

In a "Collective Action," one or more people called "Named Plaintiffs" sue on behalf of people who have similar claims.  However, other individuals who have similar claims do not become part of the Collective Action until they "opt in" to the Collective Action.  You are a member of the Collective Action because you opted into the Collective Action by August 30, 2014.

**3. Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Both sides believe they would have prevailed in this case, but there was no decision ruling in favor of either party.  Instead, both sides agreed to a settlement.  That way, they avoid the costs, delays and uncertainties associated with a trial, and the people affected will get compensation. The Named Plaintiffs and Class Representatives and the attorneys think the settlement is the best result for all potential Collective Action and Class Members.

WHO IS IN THE SETTLEMENT

**4. How do I know if I will be included in the Class Settlement?**

You are automatically a member of the Class if you provided services to PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. as a Medical Record Retriever between June 1, 2009 to June 1, 2015 in the State of New York, or from September 9, 2007 to September 9, 2013 in the State of Maine, or from September 9, 2009 to September 9, 2013 in the State of California, or from September 9, 2010 to September 9, 2013 in the States of Illinois or Ohio, or from September 9, 2011 to September 9, 2013 in the States of Connecticut or Wisconsin.

**5. How do I know if I will be included in the Collective Settlement?**

If you received this notice, you will be included in the Collective Settlement if  the Court grants approval of  the  settlement because you provided services to PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. during the period September 9, 2010 to September 9, 2013, and you previously submitted a consent form affirmatively opting into the Collective Action.

**6. I'm still not sure if I will be included.**

If you are still not sure whether you are included, you can ask for free help.  You can contact Strauss Law PLLC:

<div align="center">

**STRAUSS LAW PLLC**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 212-822-1496
Email: Jesse@strausslawpllc.com

</div>

<div align="center">

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

</div>

**7. What does the settlement provide?**

PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe have agreed to deposit $275,000 into a fund to be divided among Medical Records Retrievers who are covered by the settlement. The settlement fund shall cover payments to Plaintiffs' Counsel for attorneys' fees and costs, and payments to Plaintiffs for their service to the Class. The remaining amount, after attorneys' fees and costs, service payments, and administrative fees have been deducted, shall be divided among Class Members based on the number of weeks they worked for PDC Corporation, Parameds.com, Inc. or RES Servicing Corp. during the relevant liability period.

**8. How much will my payment be?**

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive approximately $_____.  The allocation formula takes into account the number of weeks you worked during the relevant liability period. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 25, below.

HOW YOU GET A PAYMENT

**9. How can I get my payment?**

You do not need to do anything to receive the payment identified in Paragraph 8. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted.  If you do not cash the settlement check within 45 days of the date the check is mailed to you, you will not receive a settlement. If you choose to exclude yourself, then you will not receive a payment.

**10. When will I get my payment?**

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Paragraph 22. If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving

them can take time, perhaps more than a year.  Please be patient.

**11.** | **What am I giving up to get a payment?**

Once you cash your settlement check, you cannot sue, continue to sue, or be a party in any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

**12.** | **What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself (as explained in Paragraph 15 below), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

<div align="center">EXCLUDING YOURSELF FROM THE SETTLEMENT</div>

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as opting out of the Settlement Class.

**13.** | **How do I opt out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail that includes the words, "I opt out of the PDC Corporation, Parameds.com, Inc. and RES wage and hour settlement." You must include your name, job title, address, telephone number, and signature. Your exclusion request must be postmarked no later than __ and must be mailed to:

<div align="center">[Settlement Administrator]</div>

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case.  If you wish to exclude yourself in order to file an individual lawsuit against Defendants you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations, which means that they will expire on a certain date. If you exclude yourself from the lawsuit, you may not object to it.

**14.** | **If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____.

**15. If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

**16.  Do I have a lawyer in this case?**

The Court has decided that the lawyers at the law firm of Strauss Law PLLC isqualified to represent you and all Collective and Class Action Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Collective and Class Action Member. If you do not choose to join the Collective Action and/or opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

**17.  How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one-third **[confirm]** of the settlement fund for attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. PDC Corporation, Parameds.com, Inc., RES Servicing Corp. and Eli Rowe have agreed not to oppose these fees.

Class Counsel will also ask the Court to approve payments of in recognition of the risks they took and their service to the Class. This amount includes payments $2,000 to Sheri Brooking-Van Lone, $2,000 to Amy Cross, $15,000 to Dominica Zeller, $10,000 to Amy Stowe, $6,000 to Jane Pietkivitch, $5,000 to Sheila Murphy, $10,000 to Tammy Meunier, $10,000 to Shari Merrill, and $6,000 to Elena Carroll for their service as Named Plaintiffs and Class Representatives.

OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18.  How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words "I object to the settlement in the PDC Corporation and Parameds.com wage and hour litigation." as well as all reasons for the objection. Be sure to include your name, job title, address, telephone number, and your signature. Mail the objection to:

[Settlement Administrator]

Your letter must be postmarked no later than_____.

**19.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. If you exclude yourself from the settlement, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

<div align="center">THE COURT'S FAIRNESS HEARING</div>

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend, but you don't have to and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to Paragraph 13 above, who will provide your letter to the Court before the fairness hearing.

**20.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on_____at_____, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, in Courtroom _____.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**21.  Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.  May I speak at the hearing?**

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 20, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

GETTING MORE INFORMATION

**23.** **Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by sending a request, in writing, to:

[Settlement Administrator]

**24.** **How do I get more information?**

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

STRAUSS LAW PLLC
305 Broadway, 7th Floor
New York, NY 10007
Phone: 212-822-1496
Email: Jesse@strausslawpllc.com

DATED:        [Insert Date of Mailing], 2015

Exhibit D: Supplimental Releases

# GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Amy Cross ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $2,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1. **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Texas Commission on Human Rights Act, the Texas Disability Discrimination Law, the Texas Human Rights Act, the Texas Genetic Testing Nondiscrimination Law, the Texas Labor Code, the Texas Persons with Mental Retardation Act, the Texas Constitution; the common law of the state of Texas; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker

Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

2.    **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.    **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.    **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational

Error! Unknown document property name.

Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

5. **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6. **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7. **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

**Error! Unknown document property name.**

**8.    Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

**9.    Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

**10.    Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**11.    Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.    Has carefully read and understands the terms and conditions of this Release;

b.    Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.    Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_A. Cross_____

AMY CROSS
Date: 7/2/15_____

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____

_____
ELI ROWE
Date:_____

5

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Amy Stowe ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $10,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.     **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the South Carolina Bone Marrow Donor Leave Act, the South Carolina Genetic Information Privacy Act, the South Carolina Human Affairs Law, the South Carolina Smokers' Rights Law, the South Carolina Wage Payment Law, the South Carolina Whistleblowers' Protection Law, the South Carolina Constitution; the common law of the state of South Carolina; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the

Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

2. **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3. **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4. **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational

Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

5.   **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6.   **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7.   **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

Error! Unknown document property name.

**8.**    **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

**9.**    **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

**10.**    **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**11.**    **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.    Has carefully read and understands the terms and conditions of this Release;

b.    Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.    Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_A. Stowe_

AMY STOWE
Date: _7/10/16_

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____

_____
ELI ROWE
Date:_____

5

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Sheri Brooking-Van Lone ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $2,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.     **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Connecticut Wage Law, including Connecticut General Statutes §§ 31-12 et seq. and §§ 31-58 et seq.; the Connecticut Fair Employment Practices Act; the Connecticut Equal Pay Act; the Connecticut Family and Medical Leave Act; the Connecticut Whistleblower Protection Law; the General Connecticut Statutes, including § 52-564; the Connecticut Constitution; the common law of the state of Connecticut; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age

Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

2.    **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.    **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.    **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity

2

Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

**5.** **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

**6.** **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

**7.** **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

3

**8.   Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

**9.   Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

**10.   Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**11.   Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.   Has carefully read and understands the terms and conditions of this Release;

b.   Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.   Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.   Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_S. Brooking-Van Lone_

SHERI BROOKING-VAN LONE
Date:___7/7/15___

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____


_____
ELI ROWE
Date:_____

5

**Error! Unknown document property name.**

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Elena Carroll ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $6,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.    **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the North Carolina Wage and Hour Act, the North Carolina Wage Payment Law, the North Carolina Discrimination on the Basis of Sickle Cell or Hemoglobin C Trait Law, the North Carolina Domestic Violence Victims' Leave Law, the North Carolina Equal Employment Practices Act, the North Carolina Genetic Testing Law, the North Carolina Persons With Disabilities Protection Act, the North Carolina Off-Duty Lawful Product Use Discrimination Law, the North Carolina Retaliatory Employment Discrimination Act, the North Carolina School Involvement Leave Law, the North Carolina Constitution; the common law of the state of North Carolina; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act

of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

**2.** **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

**3.** **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

**4.** **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable

2

law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

5.    **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6.    **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7.    **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

3

8.    **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

9.    **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10.    **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11.    **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.    Has carefully read and understands the terms and conditions of this Release;

b.    Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.    Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

**Error! Unknown document property name.**

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

E. Carroll

ELENA CARROLL
Date: 7/2/15

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____

_____
ELI ROWE
Date:_____

5

Error! Unknown document property name.

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Jane Pietkivitch ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $6,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.     **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Wisconsin Equal Pay Law, the Wisconsin Fair Employment Act, the Wisconsin Family and Medical Leave Law, the Wisconsin Genetic Testing Law, the Wisconsin Wage Claim and Payment Laws, the Wisconsin Constitution; the common law of the state of Wisconsin; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment

Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

2.    **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.    **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.    **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational

2

Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

5.     **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6.     **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7.     **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

Error! Unknown document property name.

8. **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

9. **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10. **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11. **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.  Has carefully read and understands the terms and conditions of this Release;

b.  Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.  Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.  Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

**Error! Unknown document property name.**

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_V. Piethvitch_____

JANE PIETKIVITCH
Date:___7/2/15_____

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____

_____

ELI ROWE
Date:_____

5

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Shari Merrill ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $10,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.      **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Ohio Civil Rights Act, the Ohio Equal Pay Law, the Ohio Minimum Fair Wage Standards Act, the Ohio Wage Payment Laws, the Ohio Whistleblowers' Protection Law, the Ohio Constitution; the common law of the state of Ohio; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker

Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

**2.     Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

**3.     Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

**4.     Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational

Error! Unknown document property name.

Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

     **5.**    <u>**Counterparts:**</u> This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

     **6.**    <u>**Damages for Breach:**</u> Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

     **7.**    <u>**Severability:**</u> The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

**Error! Unknown document property name.**

**8.    Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

**9.    Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

**10.    Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**11.    Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.    Has carefully read and understands the terms and conditions of this Release;

b.    Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.    Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

**Error! Unknown document property name.**

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

*Shari Merrill*
SHARI MERRILL
Date: *July 3, 2015*

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____


_____
ELI ROWE
Date:_____

5

Error! Unknown document property name.

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Sheila Murphy ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $5,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.      **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Illinois Equal Wage Act, the Illinois Family Military Leave Act, the Illinois Genetic Information Privacy Act, the Illinois Human Rights Act, the Illinois Minimum Wage Law, the Illinois Nursing Mothers in the Workplace Act, the Illinois One Day Rest in Seven Act, the Illinois Right to Privacy in the Workplace Act, the Illinois School Visitation Rights Act, the Illinois Victims' Economic Security and Safety Act, the Illinois Wage Payment and Collection Act, the Illinois Whistleblower Act, the Illinois Constitution; the common law of the state of Illinois; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201

et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

2.      **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.      **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.      **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting

2

Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

5.      **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6.      **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7.      **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

3

8.    **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

9.    **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10.    **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11.    **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.    Has carefully read and understands the terms and conditions of this Release;

b.    Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.    Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

4

Error! Unknown document property name.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_____
SHEILA MURPHY
Date: July 2, 2015

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____

_____
ELI ROWE
Date:_____

5

**Error! Unknown document property name.**

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Tammy Meunier ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $10,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.     **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Maine Domestic Violence Leave Act, the Maine Equal Pay Law, the Maine Family Medical Leave Act, the Maine Family Military Leave Law, the Maine Genetic Information Privacy Act, the Maine Human Rights Act, the Maine Minimum Wage Law, the Maine Smokers' Rights Act, the Maine Wage and Hour Law, the Maine Wage Payment Law, the Maine Whistleblowers' Protection Act, the Maine Constitution; the common law of the state of Maine; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the

Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive her rights under any other statute or regulation, state or federal, that provides that a general release does not extend to claims that Plaintiff does not know or suspect to exist in her favor at the time of executing this Agreement, which if known to Plaintiff must have materially affected her settlement with Defendants.

2.    **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.    **Exceptions for Claims Not Being Waived or Released:** The only claims that are not waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.    **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity

Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

     **5.**     **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

     **6.**     **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

     **7.**     **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

Error! Unknown document property name.

8.   **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

9.   **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10.   **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11.   **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a.   Has carefully read and understands the terms and conditions of this Release;

b.   Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c.   Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d.   Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

Error! Unknown document property name.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_____T. Meunier_____

TAMMY MEUNIER
Date:____7/6/15____

FOR PDC CORPORATION:

By:_____
Title:_____
Date:_____

FOR PARAMEDS.COM, INC.:

By:_____
Title:_____
Date:_____

FOR RES SERVICING CORP.:

By:_____
Title:_____
Date:_____

_____

ELI ROWE
Date:_____

5

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Dominica R. Zeller ("Plaintiff"), on the one hand, and PDC Corporation, d/b/a PDC of New York, Parameds.com, Inc., d/b/a PDC Retrievals, RES Servicing Corp. and Eli Rowe ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *Zeller et al. v. PDC Corporation, et al.*, No. 13 Civ. 5053 (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release for the purpose of settling the Litigation on a collective and class-wide basis (the "Stipulation"); and

WHEREAS, Paragraph 3(c) of the Stipulation provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed $15,000 (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.      **General Release of Claims:** Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants and their current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on California Labor Code §§ 96 through 98.2 et seq.; California Labor Code §§ 200 et seq., including California Labor Code §§ 200 through 244 and §§ 203, 218 and 218.5; California Labor Code §§ 256, California Labor Code §§ 300 et seq.; California Labor Code §§ 400 et seq.; California Labor Code §§ 500 et seq.; California Labor Code §§ 1171-1206, including §§ 1174, 1174.5, 1182.11, 1182.12, 1193, 1194, 1194.2, 1197, 1197.1 and 1198; California Labor Code §§ 1400 through 1408; California Labor Code §§ 6310 and 6311; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §§ 17200 et seq.; the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 through 2699.5, including without limitation claims asserted under this statute

on behalf of the State of California; California Code of Civil Procedure § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4 and the wage, overtime, meal, break, and rest period, record-keeping, and deduction provisions thereof); the California Wage Theft Prevention Act; the California Fair Employment and Housing Act; the California Equal Pay Law; the California Whistleblower Protection Law; the California Family Rights Act; the common law of the state of California; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive all rights related to her alleged employment under Section 1542 of the Civil Code of the State of California, which reads as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

**2.      Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects — despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

**3.      Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

**4.      Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that Defendants will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute

Error! Unknown document property name.

was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

     **5.**    **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

     **6.**    **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation

Error! Unknown document property name.

of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7. **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

8. **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

9. **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10. **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11. **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

a. Has carefully read and understands the terms and conditions of this Release;

b. Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Stipulation;

c. Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and,

d. Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which she is already entitled.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

4

Error! Unknown document property name.

Dominica R Zeller
DOMINICA R. ZELLER
Date: 7-2-15

FOR PDC CORPORATION:

By:__________
Title:__________
Date:__________

FOR PARAMEDS.COM, INC.:

By:__________
Title:__________
Date:__________

FOR RES SERVICING CORP.:

By:__________
Title:__________
Date:__________

__________
ELI ROWE
Date:__________